UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:16-cv-177-LCB-LPA

| | | |
|---|---|---|
| KATHLEEN FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| HANESBRANDS INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Hanesbrands Inc. ("HBI" or the "Company"), answering the Complaint of Plaintiff Kathleen Fowler ("Fowler"), states the following:

## FIRST DEFENSE

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that this Court has subject matter jurisdiction over claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"). Except as admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Upon information and belief, Defendant admits that Plaintiff currently resides and works in Charleston, South Carolina. Except as admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Upon information and belief, Defendant admits that on or about October 17, 2014 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or the "Commission"); and that the charge speaks for itself as to its contents. Except as admitted, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Upon information and belief, Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient information to form a belief as the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. Defendant admits that this Court has subject matter jurisdiction over claims arising under Title VII. Except as admitted, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that venue properly lies in this Court. Except as admitted, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Upon information and belief, Defendant admits that Plaintiff currently works and resides in Charleston, South Carolina; and that she is a citizen of the United States. Except as admitted, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that it is an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000(e)(b); that it is a Maryland corporation; and that it is engaged in the business of manufacturing and selling apparel and other goods. Except as admitted, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that Jason Feldman ("Feldman") was employed by HBI from November 11, 2013 through February 27, 2015; and that he was President of the Company's Direct to Consumer ("DTC") business unit. Except as admitted, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that from November 11, 2013 through February 27, 2015 Feldman was an agent of HBI; and that throughout this time period he acted in certain respects within the course and scope of his employment with HBI. Except as admitted, Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was employed by HBI in September, 1999; and that during the course of her employment with the Company she held several different positions. Except as admitted, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits that in approximately July, 2012 Plaintiff became General Manager of DTC Outlet Stores; and that in that capacity she was involved with both Hanesbrands and Champion retail stores. Except as admitted, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that during certain periods of her employment with the Company Plaintiff performed her job duties in a satisfactory manner; and that her performance appraisals speak for themselves as to their contents. Except as admitted, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Feldman was hired as DTC President on November 11, 2013; that in connection with his hiring the Company received a confidential assessment of Feldman from CMA; and that the CMA assessment speaks for itself as to its contents. Except as admitted, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Upon information and belief, Defendant admits that following a meeting in December, 2013 or January, 2014 Plaintiff told former DTC President Mike Ernst ("Ernst") that Feldman had used the phrase "kicked in the balls". Except as admitted, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits that Feldman had overall management responsibility for the DTC business unit; and that Feldman was Plaintiff's immediate supervisor. Except as admitted, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant admits that in May, 2014 Plaintiff told Human Resources Senior Manager Delphine Dennis ("Dennis") that Feldman had mouthed "FU" during a sales meeting; that Dennis spoke with Feldman about the matter; and that Dennis also mentioned it to her immediate supervisor Vice President of Human Resources Jim Flynn ("Flynn"). Except as admitted, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant admits that on or about May 15, 2014 Feldman conducted telephone conference calls with store managers and with regional managers; that numerous managers participated on these conference calls; and that Plaintiff was present with Feldman during the calls. Except as admitted, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant admits that on June 30, 2014 Feldman met privately with Plaintiff in a conference room. Except as admitted, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that following her meeting with Feldman on June 30, 2014 Plaintiff contacted HBI's Chief Operating Officer Gerald Evans ("Evans"); that Plaintiff met with Evans on that date; that Plaintiff told Evans she could no longer work with Feldman; that Evans indicated he would make HBI's Chief Human Resources Officer Elizabeth Burger ("Burger") aware of Plaintiff's concerns; and that Evans also offered to consider whether other placement options were possible for Plaintiff. Except as admitted, Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant admits that on July 10, 2014 Burger met with Plaintiff; and that during their meeting Plaintiff discussed her concerns about Feldman. Except as admitted, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant admits that on or about July 15, 2014 Plaintiff met with Flynn and Dennis; that they discussed Plaintiff's request for a severance package; and that during their conversation Flynn observed that Plaintiff had a job with the Company, or words to that effect. Except as admitted, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that on or about July 16, 2014 Plaintiff met with HBI Deputy General Counsel Virginia A. Piekarski ("Piekarski"); that they discussed Plaintiff's concerns about Feldman; that during the course of their conversation Piekarski indicated that it was not unlawful for managers to be jerks, or words to that effect; and that they did not discuss the investigation of Plaintiff's hostile work environment complaint against Feldman. Except as admitted, Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant admits that on or about July 17, 2014 Flynn spoke with Plaintiff and informed her that HBI Vice President – Corporate Social Responsibility Christopher Fox ("Fox") would be contacting her in connection with the investigation of her complaint that Feldman had created a hostile work environment; and that during their conversation Flynn remarked that Plaintiff's complaint was a serious matter and that the Company was taking it seriously, or words to that effect. Except as admitted, Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits that on or about July 23, 2014 Fox and Dennis met with Plaintiff as part of the investigation of her hostile work environment complaint against Feldman; and that during their meeting Plaintiff discussed in detail her complaint against Feldman. Except as admitted, Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant admits that on August 4, 2014 and again on August 21, 2014 Burger met with Feldman and warned him against using language in the workplace which was offensive and/or inappropriate. Except as admitted Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant admits that an executive group considered the results of the investigation into Plaintiff's complaint against Feldman; and that the investigation did not substantiate Fowler's allegation that Feldman had created a hostile work environment. Except as admitted, Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant admits that on or about August 4, 2014 Flynn and Fox met with Plaintiff to discuss the results of the investigation; and that they informed Plaintiff that the investigation did not substantiate her complaint that Feldman had created a hostile work environment. Except as admitted, Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant restates and incorporates by reference its responses in Paragraphs 1 through 41 above.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant restates and incorporates by reference its responses in Paragraphs 1 through 54 above.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

**SECOND DEFENSE**

Plaintiff's Complaint should be dismissed to the extent that it fails to state a claim against Defendant upon which relief can be granted by this Court.

**THIRD DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that she failed to file a timely administrative complaint and/or failed to comply with other applicable jurisdictional prerequisites to the filing of her civil lawsuit.

**FOURTH DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that the issues and allegations in the Complaint exceed the scope of any applicable administrative proceedings.

**FIFTH DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that the issues and allegations in the Complaint are not reasonably related to the allegations in any applicable administrative proceedings.

**SIXTH DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that any applicable administrative agency failed to comply with its procedures for processing Plaintiff's administrative complaint(s).

**SEVENTH DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that Plaintiff failed to exhaust all of her administrative remedies.

**EIGHTH DEFENSE**

Plaintiff's claims in the Complaint are barred in whole or in part to the extent that Plaintiff failed to comply with all conditions precedent to the institution of this civil action.

**NINTH DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is limited by and subject to the applicable provisions of the Constitution of the United States and the State of North Carolina.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages is limited by and subject to the applicable provisions of any limiting state statutes.

**TWELFTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the alleged unlawful conduct by Defendant was contrary to the Company's good faith efforts to comply with applicable local, state and federal laws.

**THIRTEENTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the lack of clear standards makes the imposition of punitive damages against Defendant unconstitutionally vague and/or overbroad.

10

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that no act or omission of Defendant alleged in the Complaint was malicious, willful, wanton, reckless or grossly negligent.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that Defendant did not act with actual malice and/or with reckless indifference to Plaintiff's rights when it took the employment actions about which Plaintiff has complained.

## SIXTEENTH DEFENSE

Plaintiff's claim for compensatory damages is barred in whole or in part to the extent that she failed to exercise reasonable diligence to mitigate her damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant has not violated any contractual or other legal duty owed to her.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of unclean hands, estoppel, laches and/or waiver are applicable to the facts of this case.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that she has not sustained any adverse employment action by Defendant.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that they are subject to the exclusive remedy provisions of the North Carolina Workers Compensation Act.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that all personnel actions involving her were undertaken in good faith and for legitimate business reasons which were not discriminatory.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which she allegedly has sustained.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent that she was, at all material times, an at-will employee of Defendant.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for compensatory and punitive damages are subject to and limited by the applicable provisions of 42 U.S.C. § 1981a(b).

WHEREFORE, Defendant respectfully prays that the Court enter a judgment providing that:

1. The Complaint in this action be dismissed in its entirety;

2. Defendant be awarded its costs incurred in the defense of this action, including its reasonable attorneys' fees; and

3. Defendant be awarded such other and further relief as the Court deem just and proper.

This the 6th day of May, 2016.

> **/s/ John J. Doyle, Jr.**
> N.C. State Bar No. 1235
> **/s/ Jill S. Stricklin**
> N.C. State Bar No. 20145
> CONSTANGY, BROOKS, SMITH
> & PROPHETE, LLP
> 100 N. Cherry Street, Suite 300
> Winston-Salem, NC 27101
> Telephone: (336) 721-1001
> Facsimile: (336) 748-9112
> E-mail:  jdoyle@constangy.com
>           jstricklin@constangy.com
> *Attorneys for Hanesbrands Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this **Answer** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: david@davidpishko.com.

This the 6th day of May, 2016.

                                      **/s/ John J. Doyle, Jr.**
                                      NC State Bar No. 1235
                                      CONSTANGY, BROOKS, SMITH
                                      & PROPHETE, LLP
                                      100 North Cherry Street, Suite 300
                                      Winston-Salem, NC 27101
                                      Telephone: (336) 721-1001
                                      Facsimile: (336) 748-9112
                                      Email: jdoyle@constangy.com